IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GURINDER WALIA,<br><br>    Plaintiff,<br><br>v.<br><br>AEGIS CENTER POINT DEVELOPERS PRIVATE LTD. an Indian company; SIDDHARTHA KUMAR, an individual; BOOTHAPURI VENKATESH, an individual; and ARUN THENAPPAN, an individual,<br><br>    Defendants. | No. CV-12-4660-CRB<br><br>**ORDER RE MOTION TO DISMISS** |

In this diversity case, Plaintiff Gurinder Walia ("Plaintiff") alleges breach of contract, promissory estoppel, intentional interference with contractual relations, conspiracy to interfere with contract, and unfair business practices against Defendants Aegis Center Point Developers, Siddhartha Kumar, Boothapuri Venkatesh, and Arun Thenappan ("Defendants"). Defendants move to dismiss Plaintiff's first amended complaint ("FAC") on issue preclusion grounds due to a prior judgment based on the same transaction in India. The Court GRANTS Defendants' motion to dismiss and DENIES all other pending motions as moot.

## I. BACKGROUND

This case arises from a real estate project in India. See generally FAC (dkt. 13). In December 2007, the company in charge of the project, Defendant Aegis,[1] recruited Plaintiff

---

[1] Initially named Createum, the company changed its name to Aegis on or about August 13, 2008. See FAC ¶ 12.

1  to serve as director, manage investors, and raise capital. Id. ¶ 15.  Plaintiff and Defendant
2  Kumar signed a mutual agreement designating themselves as joint managers and stating that
3  they would share equity and profits from the company equally. Id. ¶¶ 18-19.  Plaintiff
4  contends that at an undisclosed time, the company appointed a new director and redistributed
5  the profits without his consent. Id. ¶¶ 33-34.

6        In November 2008, Plaintiff filed a civil complaint against Kumar in Chandigarh,
7  India (the "Chandigarh action") for usurping the property owned by Aegis and destroying
8  Plaintiff's property rights. See Chandigarh Compl. at 18 (dkt. 103-1).[2]  In May 2010, the
9  Chandigarh court dismissed Plaintiff's suit for a permanent injunction, finding that Plaintiff
10 failed to produce any evidence against Defendants. See 2010 Chandigarh Judgment at 26
11 (dkt. 103-5).

12       Plaintiff filed suit in the United States District Court for the Northern District of
13 California in September 2012. See generally Compl. (dkt. 1).  On November 2, 2012,
14 Plaintiff filed his first amended complaint. See generally FAC.  On April 29, 2013,
15 Defendants filed a motion to dismiss for forum non conveniens. See generally Mot. Dismiss
16 (dkt. 49).  On July 17, 2013, this Court ordered supplemental briefing on the issue of
17 preclusion, noting that in substance, Defendants' motion to dismiss for forum non conveniens
18 sought dismissal on preclusion grounds and neither party had fully briefed the issue. See
19 Order (dkt. 91).

20       The Court scheduled a hearing on September 6, 2013 for oral arguments on, *inter alia*,
21 Defendants' motion to dismiss on preclusion grounds. See Minute Entry (dkt. 99).  At oral
22 argument, this Court expressed its intention to dismiss Plaintiff's FAC. See Transcript of
23 Proceedings at 2:11-12 (dkt. 106) (stating that the Court had "a hard time seeing why there
24 wasn't preclusion here").  Thereafter, Plaintiff's counsel suggested that the Chandigarh
25 judgment upon which Defendants based their motion to dismiss was forged or otherwise
26 inauthentic. Id. at 8:8-13 (describing that "[t]here are other documents that have been put

---

[2] For the Authenticated Documents only, the Court cites to the pagination reflected in the docket as shown at the top of each page rather than the pagination provided by Defendants.

1 forth . . . that we contest the validity of. And I respectfully suggest that the Court cannot rely
2 on documents with a number of handwritten annotations that are not authenticated by a
3 court"). Upon hearing this allegation, the Court postponed ruling on any motions and
4 allowed Defendants the opportunity to submit authenticated, certified copies of the
5 Chandigarh action. Id. at 15:23-25.

6 Defendants filed authenticated, certified documents from the Chandigarh action on
7 November 13, 2013. See generally Notice of Submission of Authenticated Documents
8 ("Notice of Submission" or "Authenticated Documents") (dkt. 103). On January 7, 2014,
9 Plaintiff filed a response which did not attack the authenticity of the Chandigarh judgment.
10 See Plaintiff's Response at 2 (dkt. 104) (explaining that "Walia does not dispute, for the
11 purposes of this motion only, the authenticity of the Authenticated Documents"). In light of
12 the authenticated Chandigarh judgment, Defendants now seek to preclude Plaintiff's suit in
13 this Court.

## II.     LEGAL STANDARD

The doctrine of collateral estoppel, or issue preclusion, bars re-litigation of issues actually litigated and necessary to the outcome of the first action in subsequent suits based on a different cause of action. Parklane Hosiery Co., Inc. v. Shore, 439 U.S. 322, 327 n.5 (1979). In diversity cases, the Ninth Circuit Court of Appeals applies the collateral estoppel rules of the forum state. Jacobs v. CBS Broadcasting, Inc., 291 F.3d 1173, 1177 (9th Cir. 2002); Pardo v. Olsen & Sons, Inc., 40 F.3d 1063, 1066 (9th Cir. 1994).

Under California law, issue preclusion prohibits re-litigation of issues decided in a prior proceeding if (1) the issue is identical to the issue decided in the prior proceeding, (2) the issue was actually litigated in the prior proceeding, (3) the issue was necessarily decided in the prior judgment, (4) the prior judgment was final and on the merits, and (5) the party against whom preclusion is brought must be identical to or in privity with the party in the prior proceeding. Lucido v. Superior Court, 51 Cal. 3d 335, 341 (1990); Clark v. Bear Stearns & Co., 966 F.2d 1318, 1320-21 (9th Cir. 1992).

Collateral estoppel applies to foreign judgments so long as the parties in the prior action were afforded due process rights. See Hilton v. Guyot, 159 U.S. 113, 204-05 (1895) (approving of a foreign judgment where the parties received due process under the laws of France); British Midland Airways Ltd. v. Int'l Travel, Inc., 497 F.2d 869, 871 (9th Cir. 1974) (approving of a British judgment and finding that "unless a foreign country's judgments are the result of outrageous departures from our own motions of 'civilized jurisprudence,' comity should not be refused"). The California Supreme Court has held that "California courts must recognize a foreign judgment . . . so long as the judgment is final, conclusive, and enforceable in the country where it was rendered." Manco Contracting Co. (W.W.L.) v. Bezdikian, 45 Cal. 4th 192, 201 (2008).

Other judges in the Northern District have found India to be a proper forum for litigation. Farhang v. Indian Inst. of Tech., No. 08-2658, 2012 WL 113739, at *9 (N.D. Cal. Jan. 12, 2012) (noting that India is an adequate alternative forum); Advanta Corp. v. Dialogic Corp., No. 05-2895, 2006 WL 1156385, at *5 (N.D. Cal. May 2, 2006) (noting "similarities between English-based Indian contract law and United States contract law").

### III. DISCUSSION

#### A. The Chandigarh Judgment Is Valid And Enforceable Under The Federal Rules Of Evidence

To be admitted into evidence, an official foreign record must be "attested by an authorized person" and "accompanied either by a final certification of genuineness or by a certification under a treaty or convention to which the United States and the country where the record is located are parties." Fed. R. Evid. 44 ("Rule 44").

Under the Hague Convention of 1961, to which the United States and India are both parties, authenticating foreign official records requires an "apostille" certification issued by officials of the country where the records are located. See Hague Convention of 5 October 1961 Abolishing the Requirement of Legalization for Foreign Public Documents, Arts. 2-4. The designated competent authority to administer an apostille in India is the Ministry of External Affairs. See id. at Art. 6; see also Notice of Submission at 2.

4

Here, the Authenticated Documents satisfy Rule 44. Defendants obtained certified copies of the case file, which were then (1) verified by the District Court in Chandigarh, (2) countersigned by the Sub-Divisional Magistrate, (3) presented to the Deputy Commissioner, Union Territory of Chandigarh, (4) authenticated by the Home Secretary, Chandigarh, and (5) dispatched to the United States by the Ministry of External Affairs, Government of India. See Notice of Submission at 2.

Defendants have properly authenticated court records of the Chandigarh action by obtaining an apostille from the Ministry of External Affairs. The apostille from the Ministry of External Affairs is clearly visible and attached to all court documents included in the Authenticated Documents. Further, Plaintiff no longer contests the authenticity of the Chandigarh court records. See Plaintiff's Response at 2. Therefore, the Authenticated Documents from the Chandigarh action are properly admitted as evidence of a prior foreign judgment.

### B. Issue Preclusion Prohibits The Parties From Re-Litigating This Case

#### 1. The Issues Are Identical To The Prior Action

Plaintiff argues that the issues decided in the Chandigarh action are not identical to this case because Plaintiff did not assert breach of contract, promissory estoppel, intentional interference with contractual relations, conspiracy to interfere with contract, and unfair business practices in the Chandigarh action. Although the wording is not identical, Plaintiff raised identical issues in the prior case and sought injunctive relief in both actions.

Courts consider four factors to determine whether two issues are identical for issue preclusion purposes: (1) whether there is substantial overlap between the evidence or argument; (2) whether the second action involves application of the same rule of law as the prior action; (3) whether pretrial preparation in the first action is similar to pretrial preparation that would be required in the second; and (4) how closely related the two claims are. Resolution Trust Corp. v. Keating, 186 F.3d 1110, 1116 (9th Cir. 1999). Under California law, the identical issue requirement "addresses whether 'identical factual allegations' are at stake in the two proceedings, not whether the ultimate issues or

5

1  dispositions are the same." Lucido, 51 Cal. 3d at 342 (finding the issues to be identical even
2  though "the two proceedings threaten[ed] petitioner with fundamentally different sanctions").
3      Plaintiff is correct that he did not allege the same violations verbatim in both actions.
4  However, Plaintiff's allegations in the present action are nearly identical to those raised
5  throughout Plaintiff's complaint and briefs in the Chandigarh action. Compare Chandigarh
6  Compl. at 23 (alleging that "Defendant has not been sincere in his dealings and is all out to
7  usurp the property owned by the company formed by investment made by the people sitting
8  overseas. The Plaintiff has the strong apprehension that the Defendant may take steps to sell
9  the properties owned by the company . . . which may adversely affect the interest of the
10 plaintiff and other investors"), and Plaintiff's Reply at 30 (dkt. 103-2) (contending that
11 "defendant continues to exhibit unethical business conduct"), and Plaintiff's Opposition at 15
12 (dkt. 103-4) (arguing "there is a great conspiracy hatched by the defendant to deprive . . . the
13 plaintiff of his rightful claim over the equity, profits and managerial fees of the company),
14 with FAC (alleging breach of contract, promissory estoppel, intentional interference with
15 contractual relations, conspiracy to interfere with contract, and unfair business practices).
16     Here, the factors indicate strongly that the issues are identical: both actions are
17 concerned with an alleged breach of the same contracts related to the same development on
18 the same parcel of land. In each case, Plaintiff alleges that Kumar promised him a position
19 and share of profits but later wrongfully denied Plaintiff both. Given that both lawsuits
20 resulted from an identical set of underlying facts, and that Plaintiff makes substantially
21 identical allegations in each case, the first, third, and fourth elements required to establish
22 identical issues are satisfied: overlap between the evidence and argument, similarity of pre-
23 trial preparation, and close relation of the issues. See Resolution Trust, 186 F.3d at 1116.
24     The second element to establish identical issues requires that both actions involve
25 application of the same rule of law. Id. Given that the prior action occurred in India, the
26 same rule of law is not directly applied. However, courts within the Northern District have
27 noted that Indian contract law is substantially similar to contract law in the United States.
28 See Advanta Corp., 2006 WL 1156385, at *5. Additionally, the same rule of law element is

6

not abandoned simply because the prior litigation occurred in another country. Indeed, the Ninth Circuit has held that issue preclusion doctrines apply when the case has already been litigated abroad. See British Midland Airways, 497 F.2d at 871 (enforcing collateral estoppel due to prior judgment in England).

The Chandigarh court dismissed Plaintiff's suit because Plaintiff did not present any evidence. This Court need not delve deeply into Indian contract law to determine that a litigant's suit would also be dismissed in this district if the party did not present evidence to support a breach of contract claim. For this reason and the reasons stated above, the issue raised by Plaintiff in the Chandigarh action is identical to the issue currently before this Court for collateral estoppel purposes.

### 2. The Issues Were Actually Litigated

Plaintiff contends that the issues were not actually litigated in the Chandigarh action because the judge dismissed the case after Plaintiff failed to produce any evidence. In his May 17, 2010 order of dismissal, the judge noted that "the onus to prove this issue was upon the plaintiff." See 2010 Chandigarh Judgment at 26. Here, Plaintiff attempts to benefit from the fact that he did not present any evidence by arguing that the judge's prior dismissal indicates that the case was not "actually litigated."

This argument conflicts with California law. The California Supreme Court has held, for example, that an issue is actually litigated when it "is properly raised, by the pleadings or otherwise, and is submitted for determination, and is determined . . . . A determination may be based on a failure of . . . proof." People v. Sims, 32 Cal. 3d 468, 484 (1982) (quoting Restatement (Second) of Judgments § 27 (1982)) (emphasis in original). "The failure of a litigant to introduce relevant available evidence on an issue does not necessarily defeat a plea of collateral estoppel." Murray v. Alaska Airlines, Inc., 50 Cal. 4th 860, 871 (2010). In Sims, the court held that the case had been actually litigated and that the prosecution's "failure to present evidence at the hearing did not preclude the fraud issue from being 'submitted' to and 'determined.'" 32 Cal. 3d at 484.

7

Under California law, Plaintiff's issues were actually litigated in the Chandigarh action when the judge dismissed the action based on Plaintiff's inability to produce evidence. Since Plaintiff raised the issues in a valid pleading, submitted them for determination, and the judge determined the issues, California law holds that the issues were actually litigated in the Chandigarh action.

### 3. The Issues Were Necessarily Decided

Plaintiff asserts that the issues have not been necessarily decided because the judge dismissed the case without ruling on the merits. An issue is "necessarily decided" when the "issue must not have been 'entirely unnecessary' to the judgment." Lucido, 51 Cal. 3d at 354; Basurto v. Imperial Irrigation Dist., 211 Cal. App. 4th 866, 887 (2012). In Lucido, for example, the court found that "[e]ven the most cursory examination of the facts shows that a determination of whether petitioner committed the alleged act . . . was necessary to the court's decision." 51 Cal. 3d at 354.

Here, the Chandigarh action necessarily decided the issue of whether Plaintiff stated enough evidence to support his claim. Since Plaintiff did not produce any evidence, the judge determined that the suit should be dismissed. See 2010 Chandigarh Judgment at 26. For this reason, the court necessarily decided not only that the case should be dismissed, but also that Plaintiff never produced evidence to support his claim despite having the opportunity to do so.

### 4. The Prior Decision Was Final And On The Merits

Plaintiff contends that the Chandigarh action was not a final decision on the merits because the judge dismissed the case following Plaintiff's decision not to produce evidence. This argument is not persuasive. "A 'final judgment' for purposes of collateral estoppel can be any prior adjudication of an issue in another action that is determined to be 'sufficiently firm' to be accorded conclusive effect." Luben Indus., Inc. v. United States, 707 F.2d 1037, 1040 (9th Cir. 1983); Syverson v. Int'l Bus. Machs. Corp., 472 F.3d 1072, 1079 (9th Cir. 2006) (finding a judgment "sufficiently 'final' even though there are to be further proceedings on remand on the merits"); Lucido, 51 Cal. 3d at 354-55 (finding that a

8

1 judgment was final and on the merits even though one of the parties did not present any
2 evidence because that party "failed to take any direct action to overturn that judgment").

3     To determine whether a judgment is sufficiently firm, a court can consider "that the
4 parties were fully heard, that the court supported its decision with a reasoned decision, that
5 the decision was subject to appeal or was in fact reviewed on appeal," and should determine
6 that the decision is not firm if it was "avowedly tentative." Luben Indus.,707 F.2d at 1040
7 (quoting Restatement (Second) of Judgments § 13 (1982)).

8     To support the contention that the Chandigarh judgment was not on the merits,
9 Plaintiff cites the 2009 Chandigarh order in which the judge denied Plaintiff's request for a
10 temporary injunction against Defendants. See 2009 Appellate Judgment at 26 (dkt. 103-6).
11 There, the judge stated that "this order will not affect the merits of the case." Id. However,
12 this is not the order that Defendants now seek to enforce with preclusive effect. Rather,
13 Defendants state that preclusion arises from the May 2010 judgment wherein the judge stated
14 that Plaintiff "failed to adduce any evidence nor has himself stepped into witness box.
15 Evidence of plaintiff stood already closed. In view of these circumstances, this issue is
16 decided against the plaintiff." See 2010 Chandigarh Judgment at 26.

17     In addition, Plaintiff maintains that the Chandigarh court dismissed Plaintiff's suit for
18 lack of standing and therefore its decision could not have been decided on the merits. See
19 Plaintiff's Response at 5 (dkt. 104).[3] However, Plaintiff again conflates the 2009 judgments
20 regarding the temporary injunction with the final judgment of the court in 2010 dismissing
21 Plaintiff's suit for failure to produce evidence. Plaintiff is correct that the judgments
22 regarding the temporary injunction did not express an opinion on the merits of the case, but
23 that is not true for the ultimate judgment dismissing Plaintiff's suit. There, the judge
24 dismissed Plaintiff's suit under Order 17 Rule 3 of India's Civil Procedure Code and
25 explicitly ruled against Plaintiff for lack of evidence. See 2010 Chandigarh Judgment at 26.

26

27     [3] Plaintiff reiterated this contention at oral argument on January 24, 2014, suggesting that the
28 appellate court's interlocutory judgment from 2009 should govern for preclusion purposes. This argument is not persuasive, as an interlocutory appeal from 2009 does not alter the primacy of the final judgment in 2010 dismissing Plaintiff's case for lack of evidence.

9

Order 17 Rule 3 of India's Civil Procedure Code provides that when one party "fails to produce his evidence, . . . or to perform any other act necessary to the further progress of the suit, for which time has been allowed, the court may, notwithstanding such default," dismiss the case. See India Code Civ. Proc. 17 Rule 3 (1908). The Himachal Pradesh High Court in India has determined that "the intent of the Legislature was that if the other conditions set forth in Rule 3 are satisfied the Court may decide the suit on the merits." Bala Nand And Anr. v. Devki Nand And Ors., 1963 A.I.R. 30 (H.P.) ¶ 6 (India).

The Authenticated Documents demonstrate that Plaintiff filed suit in India and failed to produce evidence against Defendants in the case resolved in May 2010. Unlike the 2009 orders, in which the judge did not express an opinion on the merits, the 2010 judgment dismissed Plaintiff's suit under a Civil Procedure Code provision which Indian courts have held can resolve a case on the merits. Thus, Plaintiff has failed to show that the Chandigarh action was not on the merits for the purpose of collateral estoppel. See Luben Indus., 707 F.2d at 1040.

### 5. The Party Against Whom Preclusion Is Brought Is Identical To The Party In The Prior Proceeding

Plaintiff contends that it is improper to apply collateral estoppel because the present action adds defendants who were not named in the initial action. The Court disagrees. Under the doctrine of collateral estoppel, "it is not necessary that the earlier and later proceedings involve the identical parties or their privies." Vandenberg v. Superior Court, 21 Cal. 4th 815, 828 (1999); Smith v. Exxon Mobil Oil Corp., 153 Cal. App. 4th 1407, 1414 (2007). "Only the party against whom the doctrine is invoked must be bound by the prior proceeding." Vandenberg, 21 Cal. 4th at 828. Accordingly, the prior judgment can have preclusive effect against Plaintiff, who is bound by the Chandigarh action, even though two defendants in the present suit were not named in the initial suit.

Although it is not required, all Defendants were either named as defendants or could have been named as defendants in the prior action due to their close connection to the issues surrounding Plaintiff's lawsuit. While Plaintiff did not list Aegis as a defendant in his complaint in the prior case, Aegis later intervened and became a named defendant, along

10

with Kumar, in the 2009 and 2010 Chandigarh actions.  <u>See generally</u> 2009 and 2010 Judgments.  The two remaining defendants here, Venkatesh and Thenappan, are shareholders in Aegis and were on Aegis' Board of Directors during the events that gave rise to the Chandigarh action.  <u>See</u> Def. Supp. Brief at 3 (dkt. 93); FAC ¶ 26.  These Defendants are therefore identical to or in privity with the defendants in the prior judgment for the purposes of collateral estoppel.

**IV.    CONCLUSION**

  For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss with prejudice and DENIES all other pending motions as moot.

**IT IS SO ORDERED.**

Dated: January 27, 2014

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE